UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cr-80017-MARRA

UNITED STATES OF AMERICA,

v.

JERMAINE JAMES GRIFFIN,

Defendant.
_____/

## ORDER DENYING DETENTION IN SUPERVISED RELEASE CASE AND SETTING CONDITIONS OF RELEASE

The Defendant, JERMAINE JAMES GRIFFIN, appeared before the Court on August 22, 2018, for a detention hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 68]. Defendant was originally convicted of possession of a firearm and ammunition by a convicted felon, in violation of 18 §§ 922(g)(1) and 924(e), a Class A felony, and of possession with intent to distribute cocaine, in violation of 21 § 841(a)(1), a Class C felony. On July 16, 2010, Defendant was sentenced to 188 months in the custody of the Bureau of Prisons, to be followed by four years of supervised release. On February 3, 2017, Defendant's prison sentence was reduced to 84 months, and his term of supervised release was reduced to three years.

Defendant's term of supervised release commenced on February 3, 2017. Pending before the Court is a Petition for Warrant or Summons for Offender Under Supervision [DE 68], which Petition alleges that Defendant tested positive for marijuana use on one occasion in June, 2018 and on three occasions in July, 2018. This Order addresses the Government's request that Defendant be detained pending final revocation hearing.

1

# I. Introduction

Defendant Jermaine James Griffin completed an 84-month prison sentence and has been on supervised release since February 3, 2017, a period of approximately one and a half years. While on supervised release, he has obtained good, steady, full-time employment, he has the support of his girlfriend, and he is residing at a residential re-entry center pursuant to the Court's June 18, 2018 Judgment and Commitment upon Violations of Supervised Release [DE 67], which reinstated Defendant's term of supervised release.

While on supervised release, Defendant has had recurring issues with marijuana use. The most recent Petition for Warrant or Summons for Offender under Supervision [DE 68] alleges that Defendant tested positive for marijuana on June 28, 2018, July 3, 2018, July 7, 2018, and July 24, 2018. Defense counsel argues that although Defendant has previously used marijuana while on supervised release, his most recent drug test in August, 2018 was negative for marijuana or any other controlled substance. Further, defense counsel argues that certain of the June or July, 2018 positive marijuana test results alleged in the pending Petition may be based on historical use of marijuana and further, that defense counsel intends to retain a toxicologist or other drug testing expert to address and investigate the positive test results alleged in the pending Petition. The Government argues that Defendant has willfully violated a condition of his supervised release which orders him to not use illegal controlled substances such as marijuana. The Government argues that Defendant has had plenty of opportunities to stop his marijuana use and nonetheless continues to violate the orders of this Court requiring him to refrain from such illegal marijuana use.

Accordingly, the Government has moved for detention of Defendant pending his final revocation hearing based upon his marijuana usage pursuant to Fed. R. Crim. P. 32.1(a)(6) and

18 U.S.C. § 3143(a)(1). The Court must therefore decide whether Defendant should be detained without bond pending a final revocation hearing or be released on bond or other conditions.

## II. Whether Detention is Warranted in this Case

Federal Rule of Criminal Procedure Rule 32.1(a)(6) provides that the magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. § 3143(a)(1). Further, Rule 32.1(a)(6) places the burden on the defendant to establish that he will not flee or pose a danger to any other person or to the community. Rule 32.1(a)(6) specifically references 18 U.S.C. § 3143(a)(1). Accordingly, in a supervised release revocation proceeding, a defendant shall be detained unless the judge finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

### A. The August 17, 2018 Initial Appearance Hearing

The Defendant was summoned to appear for his initial appearance on the pending Petition on August 17, 2018. [DE 69; DE 70]. The Defendant voluntarily appeared on time to answer the Petition. [DE 71]. The Court appointed the Federal Public Defender to represent the Defendant, provided the Defendant with a copy of the Petition and other related documents, and advised him of his rights. The Government then moved for detention of the Defendant and the Court began a detention hearing. In light of the arguments of the parties' counsel, and in light of the fact that Defendant Griffin personally stated to the Court that he was absolutely not using marijuana, the Court deemed that a further drug test would assist the Court in determining whether or not Defendant should be detained. Accordingly, the undersigned United States Magistrate Judge ordered the Defendant to submit that afternoon to drug testing by U.S. Probation. This additional test was ordered because Defendant had recently had an August, 2018

negative drug test and because Defendant was adamant that he was not using marijuana. The undersigned also reset the detention hearing for Wednesday, August 22, 2018, so that the Court and the parties could receive and consider the results of the court-ordered drug test. Defendant was released on August 17, 2018 and directed to immediately go to U.S. Probation for the drug test and then return to Court on Wednesday, August 22, 2018 at 11:00 a.m. for the continuation of the detention hearing.

### B. The August 22, 2018 Hearing

At the continuation of the detention hearing held on Wednesday, August 22, 2018, the Court and the parties were informed that the result of Defendant's drug test which he took on August 17, 2018 was negative for marijuana or other controlled substances. At that hearing, the Government reiterated its request for detention. The Government's primary arguments were that Defendant has repeatedly violated the Court's orders to refrain from using marijuana, and further, that 18 U.S.C. § 3583(g)(4) requires revocation of Defendant's supervised release because he has tested positive for illegal controlled substances more than three times over the course of one year.

The Court is certainly concerned with and troubled by Defendant's repeated positive drug test results while he has been on supervised release. However, Defendant has tested negative for illegal drug usage in his most recent August, 2018 drug tests. This shows the Court that Defendant is, at this point, not blatantly refusing to follow Court orders, but rather is taking positive steps to cure his marijuana use or marijuana addiction.

Moreover, Defendant timely appeared in Court on August 17, 2018, after the Honorable United States District Judge Kenneth A. Marra authorized the issuance of a summons (as opposed to an arrest warrant) for his initial appearance on the pending Petition. Defendant again

4

timely appeared in Court on August 22, 2018, when orally ordered to do so by the undersigned United States Magistrate Judge at the August 17, 2018 hearing. At both of those hearings, Defendant was sober, coherent, respectful, and dressed in his work clothes. Further, Defendant has not been arrested or charged with any new criminal law violations while on supervised release.

### III.     Detention is not Appropriate in this Case

Supervised release is intended to assist in the rehabilitation of a convicted Defendant and his or her re-entry into society. The United States Supreme Court has recognized that "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson,* 529 U.S. 53, 59 (2000). Further, the Supreme Court has stated that supervised release "in contrast to probation, is not a punishment in lieu of incarceration." *United States v. Granderson,* 511 U.S. 39, 50 (1994).

The Court denies the Government's request for detention. First, the Court finds that Defendant has met his burden under Rule 32.1(a)(6) to establish by clear and convincing evidence that, if released, he will not flee or pose a danger to any other person or to the community as discussed in more detail in sections A and B below.

Second, the Court finds that the Government's reliance upon 18 U.S.C. §3583(g)(4) is misplaced at a detention hearing since Defendant has not yet been found to have violated supervised release based upon the allegations in the pending petition. Any argument that Defendant's supervised release must be revoked because he has tested positive for illegal controlled substances more than three times in one year is appropriate for consideration at the final revocation hearing.

Third, the Court also finds that, under the specific facts of this case, entering an order of detention as to Defendant Griffin, a gainfully employed Defendant on supervised release, would defeat the rehabilitative purposes of supervised release. An order of detention for Mr. Griffin would not benefit the Defendant or society. In this regard, a recent opinion by the Honorable United States District Judge Jack B. Weinstein in *United States v. Trotter*, No. 15-CR-382, 2018 WL 3421313 (E.D.N.Y. July 13, 2018) is instructive. In *Trotter,* Judge Weinstein stated:

> "Effectively, courts are faced with a choice: imprison a marijuana user on supervised release or cut short supervision, forcing an attempt at further rehabilitation on the supervisee's own. Many men and women who have terms of incarceration imposed by this court are seeking to live productive, law-abiding lives, but are derailed by their marijuana addiction."

*United States v. Trotter, supra,* 2018 WL 3421313 at *3. While the undersigned is not called upon to determine or recommend at this juncture whether Defendant Griffin's supervised release should be terminated, an order of detention would effectively reach the same result, at least until the final revocation hearing is held. Based upon some of the reasons advanced by Judge Weinstein in *Trotter,* the undersigned believes that detention of Defendant Griffin, under the specific facts of this case, is unwarranted.

If this Court orders detention, Defendant will lose his job and suffer other negative consequences. He will be removed from free society and jailed until a final revocation hearing. Since Defendant's last two August, 2018 drug tests have been negative, the Court finds that Defendant is not simply cavalierly disregarding this Court's orders. It appears that Defendant is making a real effort to cease his illegal marijuana usage or end his marijuana addiction. Thus, the Court will not order detention. However, Defendant should be aware that he must cease all illegal drug usage and that any future valid positive drug tests or other violations may cause this Court to determine that detention is appropriate.

### A. Serious Risk of Flight or Nonappearance

After careful review and consideration, the Court finds that Defendant has rebutted, by clear and convincing evidence, that there is a serious risk that the Defendant will flee or fail to appear in Court if released, as required by 18 U.S.C. §3143(a)(1). When the Court authorized the issuance of a summons [DE 69] on August 7, 2018 requiring Defendant to appear in Court on August 17, 2018, Defendant appeared in a timely manner. Defendant also fully complied with the Court's oral Order that he be drug tested that same day by U.S. Probation. Further, when the Court continued the detention hearing until Wednesday, August 22, 2018, and orally ordered the Defendant on August 17, 2018 to appear in Court on August 22, 2018, Defendant appeared in a timely manner. Defendant has also proffered that he is employed and has been continuously employed for approximately the past two years, and he has a stable residence in a residential re-entry center. Thus, Defendant has sufficiently met his burden of proving by clear and convincing evidence that he is not a serious risk of flight or nonappearance.

### B. Danger to the Community

The Court also finds that Defendant has rebutted by clear and convincing evidence that Defendant is a danger to any other person or to the community. Defendant has not been charged with or arrested for any new criminal law violations. Based upon the proffer, testimony and information presented, Defendant has demonstrated that he is succeeding and performing quite well at his place of employment. His primary fault is his marijuana addiction or usage and his failure to comply with the Court's orders to refrain from the use of illegal controlled substances. His work supervisor has previously represented to the Court that Defendant is doing very well at his job. The Court specifically finds that, based upon the present facts, Defendant is not a danger to any person or to the community.

## IV. Conclusion

The Court has determined that Defendant has shown by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, pursuant to Rule 32.1(a)(6) and 18 § 3143(a)(1). The undersigned finds that there are conditions of release that will reasonably assure the safety of the community and Defendant's appearance at trial. For the foregoing reasons, it is hereby **ORDERED** that the Government's oral motion for Detention is **DENIED**; and it is **FURTHER ORDERED** that Defendant shall be released upon a $100,000 personal surety bond. The bond shall carry all the standard conditions, and Defendant shall comply with all conditions of supervised release.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 22nd day of August, 2018, and signed this 24th day of August, 2018.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE